UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>VICENTE DIAZ-GARCIA,<br><br>              Defendant. | NO. CR-09-2043-EFS<br><br>**ORDER DENYING THE REMAINDER OF DEFENDANT'S DISCOVERY MOTION AND DENYING DEFENDANT'S MOTION TO DISMISS** |

As mentioned in the Court's September 19, 2011 Order, ECF No. 56, a pretrial conference occurred in the above-captioned matter on September 7, 2011, in Yakima, Washington. This Order resolves Defendant's Motion for Discovery's, ECF No. 24, remaining issue — whether the U.S. Attorney's Office (USAO) must disclose the communications it had with the state prosecutor — and Defendant's Motion to Dismiss Indictment, ECF No. 34. This Order supplements and memorializes the Court's oral rulings.

**A.   Defendant's Motion for Discovery**

The sole pending issue is whether the USAO must disclose the communications between it and the state relating to the timing of Defendant's federal prosecution. The Court finds that the USAO need not disclose these communications; Defendant has failed to establish any bad faith by the federal government, including the USAO. Rather, as is

ORDER ~ 1

discussed below, his federal prosecution in this matter was caused by the state murder charge against Defendant. Because Defendant failed to show that these communications are material, the Court denies this last remaining portion of Defendant's discovery motion.

**B.   Defendant's Motion to Dismiss**

Defendant argues his Sixth Amendment right to a speedy trial was violated because more than twenty-eight months have passed since the indictment was filed on April 14, 2009. As explained below, the Court finds this post-indictment delay did not violate Defendant's speedy-trial right. *See* U.S. Const. amend. VI. ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial.").

Although a twenty-eight month delay is considerable, the delay was reasonable under the circumstances. *See Barker v. Wingo*, 407 U.S. 514, 530, 533 (1972) (listing factors to assess whether a defendant's speedy-trial right was violated). This delay was largely caused by Defendant's prior state murder prosecution. *See United States v. Sears, Roebuck, & Co., Inc.*, 877 F.2d 734, 739 (9th Cir. 1989) (recognizing that the cause of the delay is the "focal inquiry" for the court). During much of this time frame, Defendant was in state custody pending the Yakima County Superior Court murder prosecution; on January 25, 2011, following a guilty plea to second-degree murder and second-degree unlawful possession of a firearm, Defendant was sentenced to 300 months. After Defendant's state sentence was imposed, the USAO sought a writ of habeas corpus ad prosequendum on April 20, 2011, ECF No. 7, and again on May 16, 2011, ECF No. 8. On May 16, 2011, the writ was granted, ECF No. 9, and Defendant appeared before the magistrate judge on June 3, 2011. The Court is

unsure why there was an approximate four-month delay between imposition of Defendant's state sentence and his appearance before the federal magistrate. However, there is no evidence that this delay was caused by bad faith. And absent a showing of bad faith, it is reasonable to allow the state to finish its prosecution before pursuing prosecution on the federal indictment. Delaying the federal prosecution eliminated the possibility of conflicting hearing dates and transportation issues, thereby reducing the risk of confusion and disarray that could have resulted from simultaneous prosecutions. *See United States v. Thomas*, 55 F.3d 144, 150 (4th Cir. 1995) ("To do otherwise would be to mire the state and federal systems in innumerable opposing writs, to increase inmate transportation back and forth between the state and federal systems with consequent additional safety risks and administrative costs, and generally to throw parallel federal and state prosecutions into confusion and disarray."); *United States v. Schreane*, 331 F.3d 548, 554 (6th Cir. 2003) (recognizing that allowing another sovereign to complete its prosecution is a valid reason for delay and a factor that weighs in the government's favor). Further, although Defendant was aware by the fall of 2010 of this federal § 1326 indictment, neither he nor his attorney at the time advised the USAO that Defendant desired to proceed on this indictment. *See Sears, Roebuck, & Co., Inc.*, 877 F.2d at 740 (recognizing that a defendant's failure to assert his speedy-trial right weighs heavily against dismissal). Defendant also failed to show actual prejudice resulting from this delay. Although he claims he has suffered from 1) oppressive conditions of pre-trial incarceration, 2) anxiety and concern, and 3) preclusion from rehabilitation programs, these complaints

have nothing to do with his ability to defend against the federal indictment. Plus, Defendant would have faced the stresses associated with being housed at Yakima County jail regardless of whether he had been prosecuted on this indictment simultaneous with the state charges or now, following the state prosecution.

The USAO's process also complied with both the Speedy Trial Act's requirements and the Interstate Agreement on Detainer's Act. *See* 18 U.S.C. § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."); *id.* § 3161(j) (requiring the government to cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial).

For these reasons, the Court denies Defendant's dismissal motion.

**C.  Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Discovery, **ECF No. 24**, is **DENIED IN PART**. This motion is now fully resolved.

///
///
///
//
/

ORDER ~ 4

2. Defendant's Motion to Dismiss Indictment, **ECF No. 34**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to all counsel.

**DATED** this 20th day of September 2011.

s/Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Criminal\2009\2043.dism.wpd

ORDER ~ 5